# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

WAYNE J. GANT                                                    CIVIL ACTION

VERSUS                                                             No. 12-840

SOUTHLAND ENERGY SERVICES,                              SECTION I
LLC ET AL.

## ORDER AND REASONS

Before the Court is a  motion[1] for summary judgment filed by defendant, Southland Energy

Services, LLC ("Southland").  Plaintiff, Wayne J. Gant ("Gant"), has filed an opposition,[2] to which

Southland has replied.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Gant, a Southland employee, generally worked on vessels that were not owned or operated

by Southland.[4] Before his accident, Gant had been working for approximately two months as a rigger

on the M/V GLOBAL 1200, a barge owned by Global Industries Offshore, LLC ("Global").[5]

On October 16, 2011, Gant tripped and fell over a stanchion brace for a pipe rack while

working on the GLOBAL 1200.[6] Gant alleges that the stanchion braces on the deck were installed

in a manner that created an unsafe tripping hazard and, moreover, that the stanchion braces were not

painted safety yellow.[7]

---

[1]R. Doc. No. 44.
[2]R. Doc. No. 50.
[3]R. Doc. No. 54.
[4]R. Doc. No. 44-3, at 6-7.
[5]*Id.* at 9-12.
[6]*Id.* at 25-26; R. Doc. No. 44-4, at 5.
[7]R. Doc. No. 50, at 2.

Neither party suggests that Southland inspected the GLOBAL 1200 at any time prior to Gant's accident. While Gant testified that he had been concerned about the close placement of the braces before his accident, he had not reported these concerns to anyone.[8] On the date of his accident, Gant was the only Southland employee in his work area, and his supervisor was employed by Global.[9] Gant reported his accident to Southland approximately one week after it occurred.[10]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.* at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little*

---

[8]R. Doc. No. 44-3, at 15-16, 21-22.
[9]*Id.* at 8-9; R. Doc. No. 44-4, at 3.
[10]R. Doc. No. 44-3, at 17.

*v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## ANALYSIS

Southland asserts that it is entitled to summary judgment with respect to Gant's Jones Act claim because Gant never reported his safety concerns to anyone, including Southland.[11] Accordingly, Southland contends, it never had notice and the opportunity to correct the allegedly unsafe condition on the GLOBAL 1200.[12] Gant responds that Southland, as his employer, had "a duty to inspect third party ships to which it sends its employee to work upon."[13]

In the Fifth Circuit, "the law is clear that the Jones Act employer must have notice and the opportunity to correct an unsafe condition" on a third party's vessel "before liability attaches." *Johnson v. Blue Marlin Servs. of Acadiana, LLC*, 713 F. Supp. 2d 592, 593 (E.D. La. 2010) (Zainey,

---

[11]R. Doc. No. 44-1, at 7. Southland did not raise any issue relative to maintenance and cure in its motion for summary judgment.  In his opposition, however, Gant raised an argument that, although maintenance and cure benefits are being paid, he has the "right to submit the question of the duration of his future benefits to the Jury." R. Doc. No. 50, at 8. In its reply, Southland asserts that it is entitled to summary judgment because it has fulfilled and continued to fulfill its obligation to Gant. R. Doc. No. 54, at 4. The Court does not reach this issue because it was not raised in the pending motion.

[12]*Id.* at 12. Southland's motion focuses on the notice issue. Accordingly, the Court makes no finding as to whether the pipe racks presented an unsafe condition.

[13]R. Doc. No. 50, at 5 (quoting *Roulston v. Yazoo River Towing, Inc.*, 418 F. Supp. 2d 851, 856 (S. D. Miss. 2006).

J.) (citing *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989)). "If, by a reasonable inspection the employer could have discovered the unsafe condition, then the employer will be charged with notice of that condition." *Id.* (citing *Roulston v. Yazoo River Towing, Inc.*, 418 F. Supp. 2d 851, 856 (S.D. Miss. 2006). Accordingly, the employer "has the duty to inspect third-party ships to which it sends its employees to work upon." *Id.* (citing *Roulston*, 418 F. Supp. 2d at 856); *see also Parker v. Sodexco Remote Sites P'ship*, No. 09-5480, 2010 WL 3724248, at *2 (E.D. La. Sept. 16, 2000) (Duval, J.).

Southland's contention that it lacked actual notice of the allegedly unsafe condition is unpersuasive because the standard of care in this context is defined objectively. *Johnson*, 713 F. Supp. 2d at  592-93 (quoting *Colburn*, 883 F.2d at 374). As Judge Zainey has explained, an employer cannot "escape constructive notice, and potentially liability altogether, by simply declining to perform an inspection of a third-party vessel." *Id.* at 594.

The cases cited by Southland do not contradict this standard because each of these cases involved a transitory condition.  In *Mastrodonato v. Sea Mar, Inc.*, No. 99-2547, 2000 WL 1693662, at *1  (E.D. La. Nov. 9, 2000) (Shushan, M.J.), the plaintiff slipped on "wet, grimy and slippery" carpeting. Similarly, in *Alfred v. Hornbeck Offshore Services*, No. 04-2243, 2005 WL 517493, at *1 (E.D. La. Feb. 22, 2005) (Fallon, J.), the plaintiff slipped on a wet floor.  In *Tabor v. Gaubert Oil Co.*, No. 06-9998, 2008 WL 88667, at *1-2 (Jan. 7, 2008) (Berrigan, J.), the plaintiff fell into an open manhole after the cover was removed.

As Judge Berrigan observed in *Tabor*, a "Jones Act employer's duty to inspect for dangerous conditions does not include a duty to continuously inspect for such conditions." *Id.* at *2. Where a "plaintiff cannot show that an inspection of the area at an earlier date would have revealed the

dangerous condition or allowed the requisite opportunity to correct," an employer may be entitled to summary judgment on the basis that any inspection would have been "futile."  *Id.* at *2; *Johnson*, 713 F. Supp. 2d at 595.

The pipe racks and their stanchion braces were welded to the deck,[14] and Southland has not argued that they were a transitory condition.[15]  Accordingly, as in *Johnson*, a genuine issue of material fact exists as to "whether the allegedly unsafe condition should have been discovered by [defendant] based upon a reasonable inspection." *Id.* at 595.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, June 12, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14]R. Doc. No. 44-4, at 5.
[15]The stanchion braces were attached to the barge such that they could be repositioned only after cutting through them with a welding torch. R. Doc. No. 44-4, at 5. The limited evidence in the summary judgment record supports the inference that they had not been moved during the time that Gant worked on the barge. *See id.*; *see also*  R. Doc. No. 50, at 1.

-5-